J. R. McManus and Walter Maley, both of Des Moines, Iowa, for plaintiff.

Harris M. Coggeshall, of Des Moines, Iowa, for defendant.

## WEBB v. BRADY TRANSFER & STORAGE CO.

### Civ. No. 51.

District Court, S. D. Iowa, C. D.

Jan. 17, 1947.

DEWEY, District Judge.

This action came on for hearing at Des Moines, Iowa, on the 3d day of January, 1947. Evidence was introduced and the action submitted on its merits.

The case arises under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., and the plaintiff claims that he was employed by the defendant between Aug. 1, 1943, and Feb. 3, 1945, for workweeks in excess of 40 hours without receiving compensation of one and a half times the regular rate at which he was employed.

The plaintiff alleges and the parties have agreed, and it is established by the uncontradicted evidence, that during this time the plaintiff was employed by the defendant and that he was engaged in interstate commerce.

Plaintiff had been employed by the defendant since on or about Nov. 15, 1941. He was first employed at a wage of 35 cents per hour and this was increased to 40 cents on Feb. 9, 1942, and to 45 cents on May 30, 1942, and to 50 cents on Aug. 8, 1942, and to 55 cents on March 22, 1943.

During this period and to Aug. 1, 1943, and while the Fair Labor Standards Act was in force the defendant paid to the plaintiff the above rates for the basic period and a time and half for all hours worked over time as required by the Act.

Just prior to Aug. 1, 1943, the defendant placed in operation the following plan, effective Aug. 14, 1943—to pay this plaintiff weekly 55 cents an hour for the first 40 hours and 82½ cents an hour for 20

hours, and plaintiff was to work irregular hours but would put in his time as having worked 60 hours for each week and plaintiff was to be paid on this basis, and on a guarantee of $166.83 a month.

His payment during this period was $38.50 for each week.

On Feb. 26, 1944, the arrangement was changed to make the basic pay at 58 cents per hour for the first 40 hours and 87¢ for 20 hours, with a guarantee of $175 per month. His payment during this period was $40.60 for each week.

This arrangement was again changed on the 6th day of May, 1944, and the number of hours of work was changed from 60 hours to 63 hours a week, but the basic pay was to continue at 58 cents, and with a guarantee of $190 per month, and this arrangement continued until the plaintiff terminated his employment with the defendant on the 3d day of February, 1945. His payment during this period was $43.21 for each week.

The plaintiff testifies a little differently regarding the times of these changes and the time and amount of the guarantee, but the foregoing arrangement that I have set out is shown by the books of the company and also by memoranda made at the time by the officers of the company in writing and initialed by such officers, and I am satisfied that the statement above set forth is the correct method and arrangement for the payment of the plaintiff as well as for the times the arrangements were put in force and effect.

A part of the arrangement provided that the plaintiff would not after the first day of August, 1943, continue to punch the time clock, and plaintiff testifies that during all of the period in controversy he worked more than the stipulated overtime of 20 and 23 hours each week, but as he is unable to state the exact hours so worked overtime, he is satisfied with the overtime as above set out and shown by the books of the company. But he also testifies that he was required to and did punch the time clock showing the daily hours worked some time after he was transferred to Des Moines, or for the period from Nov. 27, 1944, to Feb. 3, 1945. And the records of the time

clock for these 10 weeks show that he did not work a full 60 hours in any one week, although he continued to draw the guaranteed pay for that period.

At no time was plaintiff paid more or less than the 20 and 23 hours overtime each week, as contemplated by the arrangement.

From the foregoing it is apparent that the arrangement made by the defendant, although it contemplated paying the plaintiff a basic rate of 55 cents an hour with time and half for overtime for 20 hours in each week and 23 hours in some weeks, did not comply with the statute as no provision was made for paying him any overtime in excess of the 20 or 23 hours in each week, and under the arrangement no such payment was contemplated. The arrangement therefore, with the guarantee, was a change from a payment of basic pay with time and a half for overtime to a salary basis of a guaranteed amount.

While the arrangement provided for a basic pay of 55 cents an hour and this was the same amount that he had been receiving before the arrangement was entered into, yet as the arrangement had no provision for additional pay in event the hours worked exceeded 60 or 63 hours, but did fix an arbitrary period upon which computations of his regular and overtime rate would be made, rather than that provided by Section 7 of the Act, Sec. 207, Title 29, U.S. C.A., the contract was illegal.

There can be no question as to the bona fides of the 55 cents per hour being the basic rate for the first 40 hours of plaintiff's employment, if the statute had been followed; but where the arrangement is for an arbitrary period of time and not based upon the actual times worked overtime to compute the overtime rate, the basic rate of 55 cents becomes fictitious and arbitrary.

It follows that the basic rate will have to be determined by dividing the amount received in any one week by the hours worked during that week to arrive at the regular rate for that week. As this basic rate was paid to the plaintiff during the entire period he is only entitled to one-half of that rate additional for each week of the overtime.

We have computed this overtime due the plaintiff and find it to be as follows for the period—

from Aug. 1, 1943, to Feb. 26, 1944:
$6.41 a week for 30 weeks.... $ 192.30
from Feb. 26, 1944 to April 24, 1944:
$6.76 a week for 8 weeks.... 54.08
from April 24, 1944 to Nov. 25, 1944—
$7.88 for 31 weeks.......... 244.28
from Nov. 27, 1944 to Feb. 3, 1945, according to the time clock records of the plaintiff, variable amounts per week as follows:
week of Nov. 27–Dec. 2—actual overtime 14 hrs. & 13 min. @ 40¢, or due...... 5.70
week of Dec. 4–Dec. 9—actual overtime 14 hrs. & 14 min., @ 40¢, or due....... 5.70
week of Dec. 11–Dec. 16—actual overtime 15 hrs. & 50 min., @ 38½¢, or due..... 6.08
week of Dec. 18–Dec. 23—actual overtime 13 hrs. & 38 min., @ 40¢, or due....... 5.64
week of Dec. 26–Dec. 30, 1944—actual overtime 4 hrs. & 48 min., @ 48½¢, or due .................... 2.33
week of Jan. 2–Jan. 16, 1945, —actual overtime, 3 hrs. & 10 min., @ 50¢, or due..... 1.60
week of Jan. 8–Jan. 13, 1945— actual overtime, 11 hrs. & 28 min., @ 42¢, or due..... 4.83
week of Jan. 15–Jan. 20, 1945 —actual overtime, 13 hrs. & 39 min., @ 40¢, or due.... 5.44
week of Jan. 22–Jan. 27, 1945, —actual overtime, 15 hrs. & 54 min., @ 39¢, or due.... 6.20
week of Jan. 29–Feb. 3, 1945 —actual overtime 8 hrs. & 1 min. @ 45¢, or due...... 3.61

amounting to................$ 537.79
and with an equal amount for the penalty............... 537.79

or a total of.............. $1075.58

The following cases substantiate the above conclusions: Overnight Motor Co. v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682; Walling v. Belo Corp., 316 U.S. 624, 62 S.Ct. 1223, 86 L.Ed. 1716; Walling v. Helmerick & Payne, 323 U.S. 37, 65 S.Ct. 11, 89 L.Ed. 29; United States v. Rosenwasser, 323 U.S. 360, 65 S.Ct. 295, 89 L.Ed. 301; Walling v. Hardwood Co., 325 U.S. 419, 65 S.Ct. 1242, 89 L.Ed. 1705; Walling v. Harnischfeger Corp., 325 U.S. 427, 65 S.Ct. 1246, 89 L.Ed. 1711.

It follows that the plaintiff is entitled to recover against the defendant in the sum of $1,075.58, together with costs, which shall include an attorney's fee hereby fixed by the court at $200 in favor of plaintiff's attorney.

Findings of fact and conclusions of law are separately filed herewith.